IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-01879-WYD

CONTINENTAL WESTERN INSURANCE COMPANY,

    Plaintiff,

v.

CONTINENTAL INSURANCE COMPANY, and
TRANSCONTINENTAL INSURANCE COMPANY n/k/a
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed July 20, 2011.  By way of background, this is an action for contribution and/or reimbursement of attorneys' fees and settlement costs and a declaratory judgment allegedly triggered by underlying insurance policies.

On July 20, 2011, Defendants filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendants asserted therein that the amount in controversy requirement was satisfied.  Further, Defendants asserted that at all relevant times, the Plaintiff is an Iowa Corporation while Defendant Continental Insurance Company is an Pennsylvania Corporation with its principal place of business in the State of Illinois and Defendant National Fire Insurance Company of Hartford is also an Illinois Corporation with its principal place of business in the State of Illinois.

After carefully reviewing the pleadings, I find that this case must be remanded

based on the failure of the Defendants to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or the notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal references the civil cover sheet filed in state court contemporaneously with the complaint which represents that this action involves a request for a "monetary judgment for more than $100,000 . . . ." (Notice of Removal at 3) (citing *Civil Cover Sheet*, Exhibit A at 4). That is the only allegation in the notice of removal regarding the amount in controversy.

I find that the Notice of Removal and the reference therein to the civil cover sheet filed in state court are not sufficient to establish that the jurisdictional amount is satisfied. A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I

incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007).

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Jefferson County District Court from which the case was removed.

Dated:  July 21, 2011

            BY THE COURT:

            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            Chief United States District Judge